# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 23-1908V

|  |  |
| --- | --- |
| JEFFERY N. BURKHART, | Chief Special Master Corcoran |
| Petitioner, | Filed: June 18, 2026 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*William Bliss Hicky, William B. Hicky, Attorney at Law, Nashville, TN, for Petitioner.*

*Jennifer Leigh Reynaud, U.S. Department of Justice, Washington, DC, for Respondent.*

## __DECISION AWARDING DAMAGES__[1]

On October 27, 2023, Jeffery N. Burkhart ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that following receipt of an influenza ("flu") vaccine on October 18, 2022, he suffered from Guillain-Barré syndrome ("GBS"). Pet., ECF No. 1. Petitioner further alleges that the vaccine was received in the United States, he suffered the residual effects of his injury for more than six months, and neither Petitioner nor any other party has ever received compensation in the form of an award or settlement for his vaccine-related injury. *Id.* The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 10, 2024, a Ruling on Entitlement was issued, finding Petitioner entitled to compensation for his injury. ECF No. 27. On June 16, 2026, Respondent filed a Proffer on award of compensation ("Proffer"). ECF No. 81. Respondent proffers that Petitioner should be awarded all items of compensation set forth in the life care plan (as

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

outlined in the attached Tab A), $727,952.00 in past and future lost wages, $210,000.00 in past and future pain and suffering,[3] and $52,743.02 in past unreimbursable expenses. *Id.* at 2-3. Petitioner agrees with the amounts set forth in the Proffer. *See id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner the following:**

A. **A lump sum payment of $1,032,455.95, representing compensation for life care expenses, lost earnings, pain and suffering, and past unreimbursable expenses, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner; and**

B. **An amount sufficient to purchase the annuity contract described in Section II.B of the attached Proffer.**

These amounts represent compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] This amount reflects that any award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |
|---|---|
| JEFFERY N. BURKHART,       ) <br><br>       ) <br> Petitioner,       ) <br>       ) <br> v.       ) <br>       ) <br> SECRETARY OF HEALTH AND HUMAN       ) <br> SERVICES,       ) <br>       ) <br> Respondent.       ) <br>       ) | No. 23-1908V <br> Chief Special Master Corcoran <br> ECF |

**PROFFER ON AWARD OF COMPENSATION[1]**

On October 27, 2023, Jeffrey N. Burkhart ("petitioner") filed a petition for compensation

under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34

("Vaccine Act" or "Act"), alleging that he suffered from Guillain-Barré syndrome ("GBS"), as a

result of an influenza ("flu") vaccine he received on October 18, 2022.  Petition at 1, ECF No. 1.

On September 9, 2024, the Secretary of Health and Human Services ("respondent") filed his

Rule 4(c) Report concluding that petitioner has satisfied the Act's requirements for compensation

for a GBS Table injury.  ECF No. 26.  On September 10, 2024, Chief Special Master Corcoran

issued a Ruling on Entitlement, finding petitioner entitled to vaccine compensation for his GBS.

ECF No. 28.

**I.      Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded

the following:

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address
after the Damages Decision is issued.

### A.    Life Care Items

Respondent engaged life care planner Laura E. Fox, MSN, BSN, RN, CNLCP, and petitioner engaged Lynne Trautwein RN, Lynne Trautwein RN Consulting, LLC, to provide an estimation of petitioner's future vaccine-injury related needs.  For the purposes of this proffer, the term "vaccine injury" is as described in respondent's Rule 4(c) Report.  All items of compensation identified in the life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Jeffrey N. Burkhart, attached hereto as Tab A.  Respondent proffers that petitioner should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A.[2]  Petitioner agrees.

### B.    Lost Earnings

Evidence supplied by petitioner documents that he incurred lost earnings related to his vaccine-related injury.  Respondent proffers that petitioner should be awarded past and future lost wages in the amount of **$727,952.00**.  *See* 42 U.S.C. § 300aa-15(a)(3)(A).  Petitioner agrees.

### C.    Pain and Suffering

Respondent proffers that petitioner should be awarded **$210,000.00** in pain and suffering. This amount reflects that any award for projected pain and suffering has been reduced to net present value.  *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

### D.    Past Unreimbursable Expenses

Evidence supplied by petitioner documents that he incurred past unreimbursable expenses related to his vaccine-related injury.  Respondent proffers that petitioner should be awarded past

---

[2]  The chart at Tab A illustrates respondent's position on annual amounts for life care expenses. Annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

unreimbursable expenses in the amount of **$52,743.02**. *See* 42 U.S.C. § 300aa-15(a)(1)(B).

Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled

under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

**II.      Form of the Award/Recommended Payments**

The parties recommend that compensation provided to petitioner should be made through

a combination of lump sum payments and future annuity payments as described below, and

request that the Chief Special Master's decision and the Court's judgment award the following:[3]

A.  A lump sum payment of **$1,032,455.95**, representing compensation for life care

expenses expected to be incurred during the first year after judgment ($41,760.93), lost earnings

($727,952.00), pain and suffering ($210,000.00), and past unreimbursable expenses

($52,743.02), in the form of an ACH deposit to petitioner's counsel's IOLTA account for prompt

disbursement to petitioner, Jeffrey N. Burkhart; and

B.  An amount sufficient to purchase an annuity contract,[4] subject to the conditions

described below, that will provide payments for the life care items contained in the life care plan,

---

[3]  Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[4]  In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

The parties further agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties and that no part of any annuity payments called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner.  Petitioner and petitioner's heirs, executors, administrators, successors, and assigns do hereby agree that they have no power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise, and further agree that they will not sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[5] from which the annuity will be purchased.[6]  Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Jeffrey N. Burkhart, only so long as petitioner is alive at the time a particular payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual, or other installments.  The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

    1.  Growth Rate

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items.  Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow at four percent (4%) or five percent (5%), as indicated in the chart at Tab A, compounded annually from the date of judgment.  Petitioner agrees.

---

[5]  The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:
    a.  A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;
    b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;
    c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;
    d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

[6]  Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

2. <u>Life-contingent annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as he, Jeffrey N. Burkhart, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Jeffrey N. Burkhart's death.

3. <u>Guardianship</u>

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

III.    **Summary of Recommended Payments Following Judgment**

A.    Lump Sum to petitioner, Jeffrey N. Burkhart, via ACH deposit:    **$1,032,455.95**

B.    An amount sufficient to purchase the annuity contract described above in section II.B.


Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

s/ Jennifer L. Reynaud
JENNIFER L. REYNAUD
Assistant Director
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 305-1586
Email: Jennifer.L.Reynaud@usdoj.gov

Dated:   June 16, 2026

## <u>CERTIFICATE OF SERVICE</u>

I certify that today, June 16, 2026, I served a copy of the foregoing pleading via electronic mail upon petitioner's counsel, William B. Hicky, at will@hickylaw.com.

s/ Jennifer L. Reynaud

**Appendix A:  Items of Compensation for Jeffrey N. Burkhart**     Page 1 of 6

| ITEMS OF COMPENSATION | G.R | * | M | Lump Sum Compensation Year 1 | Compensation Year 2 | Compensation Year 3 | Compensation Year 4 | Compensation Year 5 | Compensation Year 6 | Compensation Year 7 | Compensation Year 8 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2026 | 2027 | 2028 | 2029 | 2030 | 2031 | 2032 | 2033 |
| Medicare Part G | 5% | | M | 8,406.60 | 8,406.60 | 912.00 | 912.00 | 912.00 | 912.00 | 912.00 | 912.00 |
| Medicare Part D | 5% | | M | 186.00 | 186.00 | 186.00 | 186.00 | 186.00 | 186.00 | 186.00 | 186.00 |
| Medicare Part B Premium | 5% | | M | 2,220.00 | 2,220.00 | | | | | | |
| Medicare Part B Deductible | 5% | | | 257.00 | 257.00 | 257.00 | 257.00 | 257.00 | 257.00 | 257.00 | 257.00 |
| Primary Care Physician | 5% | * | | | | | | | | | |
| Neurology | 5% | * | | | | | | | | | |
| Physiatry/Rehabilitation | 4% | * | | | | | | | | | |
| Case Management | 4% | | | 1,500.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 |
| Mileage: Primary Care Physician | 4% | | | 2.10 | 2.10 | 2.10 | 2.10 | 2.10 | 2.10 | 2.10 | 2.10 |
| Mileage: Neurology | 4% | | | 119.00 | 119.00 | 119.00 | 119.00 | 119.00 | 119.00 | 119.00 | 119.00 |
| Mileage/Travel: Physiatry/Rehabilitation | 4% | | | 691.60 | 691.60 | 345.80 | 345.80 | 345.80 | 345.80 | 345.80 | 345.80 |
| Mileage: Physical Therapy | 4% | | | 3.64 | 3.64 | 3.64 | 3.64 | 3.64 | 3.64 | 3.64 | 3.64 |
| Pregablin 100 mg | 5% | * | | 20.22 | 20.22 | 20.22 | 20.22 | 20.22 | 20.22 | 20.22 | 20.22 |
| Pregablin 150 mg | 5% | * | | 54.00 | 54.00 | 54.00 | 54.00 | 54.00 | 54.00 | 54.00 | 54.00 |
| Amitriptyline | 5% | * | | 110.72 | 110.72 | 110.72 | 110.72 | 110.72 | 110.72 | 110.72 | 110.72 |
| Physical Therapy Evaluation | 4% | * | | | | | | | | | |
| Electric Scooter/Wheelchair | 4% | * | | | | | | | | | |
| Electric Scooter/Wheelchair Maintenance | 4% | * | | | | | | | | | |
| Manual Wheelchair | 4% | | | 525.00 | 75.00 | 75.00 | 75.00 | 75.00 | 75.00 | 75.00 | 75.00 |
| Stair Lift | 4% | | | 3,750.00 | 187.50 | 187.50 | 187.50 | 187.50 | 187.50 | 187.50 | 187.50 |
| Stair Lift Maintenance | 4% | | | 356.25 | 356.25 | 356.25 | 356.25 | 356.25 | 356.25 | 356.25 | 356.25 |
| Adaptive Devices | 4% | | | 200.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 |
| Hand Held Shower | 4% | | | 3.60 | 3.60 | 3.60 | 3.60 | 3.60 | 3.60 | 3.60 | 3.60 |
| Walker | 4% | | | | | | 58.12 | 11.62 | 11.62 | 11.62 | 11.62 |
| Shower Chair | 4% | | | 7.20 | 7.20 | 7.20 | 7.20 | 7.20 | 7.20 | 7.20 | 7.20 |
| Canes | 4% | | | 40.00 | 20.00 | 20.00 | 20.00 | 20.00 | 20.00 | 20.00 | 20.00 |
| Cane Tips | 4% | | | 14.00 | 14.00 | 14.00 | 14.00 | 14.00 | 14.00 | 14.00 | 14.00 |
| Cushion | 4% | * | | | | | | | | | |
| Shower Grab Bars | 4% | | | 25.00 | | | | | | | |

**Appendix A:  Items of Compensation for Jeffrey N. Burkhart**                    Page 2 of 6

| ITEMS OF COMPENSATION | G.R | * | M | Lump Sum Compensation Year 1 | Compensation Year 2 | Compensation Year 3 | Compensation Year 4 | Compensation Year 5 | Compensation Year 6 | Compensation Year 7 | Compensation Year 8 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2026 | 2027 | 2028 | 2029 | 2030 | 2031 | 2032 | 2033 |
| Medical Alert w/Fall | 4% | | | 480.00 | 480.00 | 480.00 | 480.00 | 480.00 | 480.00 | 480.00 | 480.00 |
| Sit to Stand Chairs | 4% | * | | 889.00 | 88.90 | 88.90 | 88.90 | 88.90 | 88.90 | 88.90 | 88.90 |
| Gym Equipment | 4% | * | | | | | | | | | |
| Personal Care Attendant | 4% | | M | 21,900.00 | 21,900.00 | 21,900.00 | 21,900.00 | 21,900.00 | 21,900.00 | 21,900.00 | 21,900.00 |
| Handicap Vehicle Lift | 4% | | | | | | | | | | |
| Lost Earnings | | | | 727,952.00 | | | | | | | |
| Pain and Suffering | | | | 210,000.00 | | | | | | | |
| Past Unreimbursable Expenses | | | | 52,743.02 | | | | | | | |
| Annual Totals | | | | 1,032,455.95 | 35,453.33 | 25,392.93 | 25,451.05 | 25,404.55 | 25,404.55 | 25,404.55 | 25,404.55 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.

Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.

As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($41,760.93), lost earnings ($727,952.00), pain and suffering ($210,000.00), and past unreimbursable expenses ($52,743.02): $1,032,455.95

Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.

Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.

Items denoted with an asterisk (*) covered by health insurance and/or Medicare.

Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.

**Appendix A:  Items of Compensation for Jeffrey N. Burkhart**                    Page 3 of 6

| ITEMS OF COMPENSATION | G.R | * | M | Compensation Year 9 | Compensation Year 10 | Compensation Year 11 | Compensation Year 12 | Compensation Year 13 | Compensation Year 14 | Compensation Year 15 | Compensation Year 16 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2034 | 2035 | 2036 | 2037 | 2038 | 2039 | 2040 | 2041 |
| Medicare Part G | 5% | | M | 912.00 | 912.00 | 912.00 | 912.00 | 912.00 | 912.00 | 912.00 | 912.00 |
| Medicare Part D | 5% | | M | 186.00 | 186.00 | 186.00 | 186.00 | 186.00 | 186.00 | 186.00 | 186.00 |
| Medicare Part B Premium | 5% | | M | | | | | | | | |
| Medicare Part B Deductible | 5% | | | 257.00 | 257.00 | 257.00 | 257.00 | 257.00 | 257.00 | 257.00 | 257.00 |
| Primary Care Physician | 5% | * | | | | | | | | | |
| Neurology | 5% | * | | | | | | | | | |
| Physiatry/Rehabilitation | 4% | * | | | | | | | | | |
| Case Management | 4% | | | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 |
| Mileage: Primary Care Physician | 4% | | | 2.10 | 2.10 | 2.10 | 2.10 | 2.10 | 2.10 | 2.10 | 2.10 |
| Mileage: Neurology | 4% | | | 119.00 | 119.00 | 119.00 | 119.00 | 119.00 | 119.00 | 119.00 | 119.00 |
| Mileage/Travel: Physiatry/Rehabilitation | 4% | | | 345.80 | 345.80 | 345.80 | 345.80 | 345.80 | 345.80 | 345.80 | 345.80 |
| Mileage: Physical Therapy | 4% | | | 3.64 | 3.64 | 3.64 | 3.64 | 3.64 | 3.64 | 3.64 | 3.64 |
| Pregablin 100 mg | 5% | * | | 20.22 | 20.22 | 20.22 | 20.22 | 20.22 | 20.22 | 20.22 | 20.22 |
| Pregablin 150 mg | 5% | * | | 54.00 | 54.00 | 54.00 | 54.00 | 54.00 | 54.00 | 54.00 | 54.00 |
| Amitriptyline | 5% | * | | 110.72 | 110.72 | 110.72 | 110.72 | 110.72 | 110.72 | 110.72 | 110.72 |
| Physical Therapy Evaluation | 4% | * | | | | | | | | | |
| Electric Scooter/Wheelchair | 4% | * | | | | | | | | | |
| Electric Scooter/Wheelchair Maintenance | 4% | * | | | | | | | | | |
| Manual Wheelchair | 4% | | | 75.00 | 75.00 | 75.00 | 75.00 | 75.00 | 75.00 | 75.00 | 75.00 |
| Stair Lift | 4% | | | 187.50 | 187.50 | 187.50 | 187.50 | 187.50 | 187.50 | 187.50 | 187.50 |
| Stair Lift Maintenance | 4% | | | 356.25 | 356.25 | 356.25 | 356.25 | 356.25 | 356.25 | 356.25 | 356.25 |
| Adaptive Devices | 4% | | | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 |
| Hand Held Shower | 4% | | | 3.60 | 3.60 | 3.60 | 3.60 | 3.60 | 3.60 | 3.60 | 3.60 |
| Walker | 4% | | | 11.62 | 11.62 | 11.62 | 11.62 | 11.62 | 11.62 | 11.62 | 11.62 |
| Shower Chair | 4% | | | 7.20 | 7.20 | 7.20 | 7.20 | 7.20 | 7.20 | 7.20 | 7.20 |
| Canes | 4% | | | 20.00 | 20.00 | 20.00 | 20.00 | 20.00 | 20.00 | 20.00 | 20.00 |
| Cane Tips | 4% | | | 14.00 | 14.00 | 14.00 | 14.00 | 14.00 | 14.00 | 14.00 | 14.00 |
| Cushion | 4% | * | | | | | | | | | |
| Shower Grab Bars | 4% | | | | | | | | | | |

**Appendix A:  Items of Compensation for Jeffrey N. Burkhart**                    Page 4 of 6

| ITEMS OF COMPENSATION | G.R | * | M | Compensation Year 9 | Compensation Year 10 | Compensation Year 11 | Compensation Year 12 | Compensation Year 13 | Compensation Year 14 | Compensation Year 15 | Compensation Year 16 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2034 | 2035 | 2036 | 2037 | 2038 | 2039 | 2040 | 2041 |
| Medical Alert w/Fall | 4% | | | 480.00 | 480.00 | 480.00 | 480.00 | 480.00 | 480.00 | 480.00 | 480.00 |
| Sit to Stand Chairs | 4% | * | | 88.90 | 88.90 | 88.90 | 88.90 | 88.90 | 88.90 | 88.90 | 88.90 |
| Gym Equipment | 4% | * | | | | | | | | | |
| Personal Care Attendant | 4% | | M | 21,900.00 | 21,900.00 | 21,900.00 | 21,900.00 | 21,900.00 | 21,900.00 | 21,900.00 | 21,900.00 |
| Handicap Vehicle Lift | 4% | | | 4,532.06 | 453.21 | 453.21 | 453.21 | 453.21 | 453.21 | 453.21 | 453.21 |
| Lost Earnings | | | | | | | | | | | |
| Pain and Suffering | | | | | | | | | | | |
| Past Unreimbursable Expenses | | | | | | | | | | | |
| Annual Totals | | | | 29,936.61 | 25,857.76 | 25,857.76 | 25,857.76 | 25,857.76 | 25,857.76 | 25,857.76 | 25,857.76 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.

Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.

As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($41,760.93), lost earnings ($727,952.00), pain and suffering ($210,000.00), and past unreimbursable expenses ($52,743.02): $1,032,455.95

Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.

Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.

Items denoted with an asterisk (*) covered by health insurance and/or Medicare.

Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.

**Appendix A:  Items of Compensation for Jeffrey N. Burkhart**           Page 5 of 6

| ITEMS OF COMPENSATION | G.R | * | M | Compensation Year 17 2042 | Compensation Year 18 2043 | Compensation Year 19 2044 | Compensation Years 20-Life 2045 - Life |
|---|---|---|---|---|---|---|---|
| Medicare Part G | 5% | | M | 912.00 | 912.00 | 912.00 | 912.00 |
| Medicare Part D | 5% | | M | 186.00 | 186.00 | 186.00 | 186.00 |
| Medicare Part B Premium | 5% | | M | | | | |
| Medicare Part B Deductible | 5% | | | 257.00 | 257.00 | 257.00 | 257.00 |
| Primary Care Physician | 5% | * | | | | | |
| Neurology | 5% | * | | | | | |
| Physiatry/Rehabilitation | 4% | * | | | | | |
| Case Management | 4% | | | 150.00 | 150.00 | 150.00 | 150.00 |
| Mileage: Primary Care Physician | 4% | | | 2.10 | 2.10 | 2.10 | 2.10 |
| Mileage: Neurology | 4% | | | 119.00 | 119.00 | 119.00 | 119.00 |
| Mileage/Travel: Physiatry/Rehabilitation | 4% | | | 345.80 | 345.80 | 345.80 | 345.80 |
| Mileage: Physical Therapy | 4% | | | 3.64 | 3.64 | 3.64 | 3.64 |
| Pregablin 100 mg | 5% | * | | 20.22 | 20.22 | 20.22 | 20.22 |
| Pregablin 150 mg | 5% | * | | 54.00 | 54.00 | 54.00 | 54.00 |
| Amitriptyline | 5% | * | | 110.72 | 110.72 | 110.72 | 110.72 |
| Physical Therapy Evaluation | 4% | * | | | | | |
| Electric Scooter/Wheelchair | 4% | * | | | | | |
| Electric Scooter/Wheelchair Maintenance | 4% | * | | | | | |
| Manual Wheelchair | 4% | | | 75.00 | 75.00 | 75.00 | 75.00 |
| Stair Lift | 4% | | | 187.50 | 187.50 | 187.50 | 187.50 |
| Stair Lift Maintenance | 4% | | | 356.25 | 356.25 | 356.25 | 356.25 |
| Adaptive Devices | 4% | | | 100.00 | 100.00 | 100.00 | 100.00 |
| Hand Held Shower | 4% | | | 3.60 | 3.60 | 3.60 | 3.60 |
| Walker | 4% | | | 11.62 | 11.62 | 11.62 | 11.62 |
| Shower Chair | 4% | | | 7.20 | 7.20 | 7.20 | 7.20 |
| Canes | 4% | | | 20.00 | 20.00 | 20.00 | 20.00 |
| Cane Tips | 4% | | | 14.00 | 14.00 | 14.00 | 14.00 |
| Cushion | 4% | * | | | | | |
| Shower Grab Bars | 4% | | | | | | |

**Appendix A:  Items of Compensation for Jeffrey N. Burkhart**                    Page 6 of 6

| ITEMS OF COMPENSATION | G.R | * | M | Compensation Year 17 | Compensation Year 18 | Compensation Year 19 | Compensation Years 20-Life |
|---|---|---|---|---|---|---|---|
| | | | | 2042 | 2043 | 2044 | 2045 - Life |
| Medical Alert w/Fall | 4% | | | 480.00 | 480.00 | 480.00 | 480.00 |
| Sit to Stand Chairs | 4% | * | | 88.90 | 88.90 | 88.90 | 88.90 |
| Gym Equipment | 4% | * | | | | | |
| Personal Care Attendant | 4% | | M | 21,900.00 | 21,900.00 | 21,900.00 | 21,900.00 |
| Handicap Vehicle Lift | 4% | | | 453.21 | 453.21 | 453.21 | 453.21 |
| Lost Earnings | | | | | | | |
| Pain and Suffering | | | | | | | |
| Past Unreimbursable Expenses | | | | | | | |
| Annual Totals | | | | 25,857.76 | 25,857.76 | 25,857.76 | 25,857.76 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.

Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.

As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($41,760.93), lost earnings ($727,952.00), pain and suffering ($210,000.00), and past unreimbursable expenses ($52,743.02): $1,032,455.95

Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.

Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.

Items denoted with an asterisk (*) covered by health insurance and/or Medicare.

Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.