# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
**No. 23-1908V**

JEFFERY N. BURKHART,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

Chief Special Master Corcoran

Filed: September 29, 2026

*William Bliss Hicky, William B. Hicky, Attorney at Law, Nashville, TN, for Petitioner.*

*Jennifer Leigh Reynaud, U.S. Department of Justice, Washington, DC, for Respondent.*

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On October 27, 2023, Jeffery N. Burkhart filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered Guillain-Barré syndrome following an influenza vaccine he received on October 18, 2022. Petition, ECF No. 1. On September 10, 2024, I issued a ruling on entitlement finding Petitioner entitled to compensation (ECF No. 27), with a damages decision following on June 18, 2026. (ECF No. 82).

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $148,548.19 (representing $130,292.30 in fees plus $18,255.89 in costs). Motion for Attorney's Fees and Costs ("Motion") filed July 15, 2026, ECF No. 86. Furthermore, Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 87.

Respondent reacted to the motion on July 31, 2026, stating that he is satisfied the statutory requirements for a fees award are met in this case, but deferring resolution of the amount to be awarded to my discretion. Response to Motion at ECF No. 91. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request and find it appropriate to reduce the amount of attorney fees to be awarded, for the reasons set forth below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See *Savin v. Sec'y of Health & Human Servs*., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs*., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See *Sabella v. Sec'y of Health & Human Servs*., 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs*., 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs*., 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests the following rates for Attorney William Bliss Hicky: $427.00 for work performed in 2022; $461.00 for work performed in 2023; $498.00 for work performed in 2024; $547.00 for work performed in 2025; and $552.00 for work performed in 2026.

The rate requested for work performed in 2026 is reasonable and consistent with our prior determinations, and will therefore be utilized. But the other rates require further evaluation and adjustment. Attorney Hicky was previously awarded the following rates for the relevant prior years: $417.00 for work performed in 2022; $427.00 for work performed in 2023; $478.00 for work performed in 2024; and $527.00 for work performed in 2025. *See Tucker v. Sec'y of Health & Hum. Servs.*, No. 22-293V, 2023 WL 5201689 (Fed. Cl. Spec. Mstr. Jul. 12, 2023); *Roberson v. Sec'y of Health & Hum. Servs*., No. 21-2309, Slip op. (Fed. Cl. Spec. Mstr. Sep. 21, 2026).

I find no reason to deviate from those determinations, and it otherwise is not the practice of OSM to adjust prior rate determinations upward in later cases. *See Jefferson v. Sec'y of Health & Hum. Servs*., No. 19-1882, 2023 WL 387051 (Fed. Cl. Spec. Mstr. Jan. 9, 2023). Accordingly, I reduce the rates for attorney work performed in 2022-2025 to be consistent with *Tucker and Roberson*. **Application of the foregoing reduces the amount of attorney fees to be awarded by $5,102.20**.[3]

There are some adjustments to be made with respect to attorney travel time. On October 13, 2023, Mr. Hicky travelled to meet with Petitioner in-person. The filed invoices reflect that Mr. Hicky billed a total of 6.1 hours at the hourly rate of $461.00, for a total amount of $2,812.10. ECF No. 86-2 at 4, billing entry dated October 13, 2023.

This is not compliant with the Vaccine Program's requirements for reimbursement of eligible travel expenses. Special masters traditionally compensate time spent traveling at *one-half* an attorney's hourly rate. *See Hocraffer v. Sec'y of Health & Human Servs*., No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl.

[3] This is amount is calculated as follows: ($427.00 - $417.00 = $10.00 x 8.9 hrs. = $89.00) + ($461.00 - $427.00 = $34.00 x 68.8 hrs. = $2,339.20) + ($498.00 - $478.00 = $20.00 x 61.9 hrs. = $1,238.00) + ($547.00 - $527.00 = $20.00 x 71.8 hrs. = $1,436.00) = $5,102.20.

Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs*., No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). Alternatively, Program attorneys may reduce the overall number of hours billed on travel by *fifty* percent.

Petitioner's attorney further block-billed the time spent traveling to the in-person client meeting with the time spent meeting with the client. This makes it extremely difficult to determine how much time was spent on each task in order to perform an adjustment of the aforementioned travel time. It is well established that block-billing or billing large amounts of time without sufficient detail as to what tasks were performed, is clearly disfavored in the Program. *See Broekelschen v. Sec'y of Health & Hum. Servs*., 07-137V, 2008 WL 3903710 (Fed. Cl. Spec. Mstr. Dec 15, 2006). Ultimately, several tasks lumped together with one-time entry frustrates the court's ability to assess the reasonableness of the request. In determining the amount of reasonable hours, a special master has discretion to exclude hours expended that are "'excessive, redundant, or otherwise unnecessary'" based on his or her experience or judgment." *Hocraffer v. Health & Hum. Servs*., No. 99-533V, 2011 WL 6292218, at *3 (Fed. Cl. Nov. 22, 2011). Additionally, The Vaccine Program's Guidelines for Practice state, "[e]ach task should have its own line entry indicating the amount of time spent on that task." [4]

Because Mr. Hicky did not reduce his travel time nor his hourly rate by half and block-billed the entry, I hereby reduce that sum by *fifty* percent. **Application of the foregoing further reduces the amount of attorney fees to awarded by $1,302.35**.[5]

In addition, numerous tasks performed by attorney Hicky in this matter are more properly billed using a paralegal rate.[6] "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately

---

[4] The Guidelines for Practice can be found at the link below. Please refer to page 76:
https://www.uscfc.uscourts.gov/guidelines-practice-under-national-vaccine-injury-compensation-program

[5] This amount has been adjusted based on the previous hourly rate reductions and is calculated as: $2,604.70 x .50 = $1,302.35.

[6] Entries considered paralegal in nature include drafting requests for medical records, following up on medical records requests, and drafting basic documents such as an exhibit list, PAR questionnaire, notice of filing, notice of intent, statement of completion, cover sheet, joint notice not to seek review. Entries that include paralegal tasks billed at an attorney rate include the following: 6/20/2023, 9/30/2023, 10/27/2023 (three entries), 10/31/2023, 3/1/2024, 4/18/2024 (two entries), 6/14/2024, 6/24/2024, 7/31/2024 (three entries), 5/13/2025 (two entries), 5/20/2025 (two entries), 8/26/2025, 9/3/2025 (three entries), 9/9/2025 (two entries), 9/11/2025. This is not an exhaustive list. ECF No. 86-2 at 2-20.

performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). Although these billing entries reflect reasonably performed tasks, they must be charged at a reduced rate comparable to that of a paralegal.

In evaluating a fees motion, special masters "need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011). Instead, in appropriate circumstances they may make reasonable, across-the-board percentage adjustments. Here, such an overall cut is reasonable, and preferrable to a time-consuming line-by-line review of the bill. I therefore reduce the total attorney fees to be awarded herein by *five* percent, of the already reduced attorney fees, as a fair adjustment to account for the paralegal duties issue mentioned. **Application of the foregoing reduces the total amount of attorney fees to be awarded by $6,194.38**.[7]

## ATTORNEY COSTS

Petitioner's requests $18,255.89 in overall costs. ECF Nos. 93-1 at 4-52, 94-1 at 2-10, and 95-1 at 2. These costs include medical record requests, copies, postage, the Court's filing fee, and expert fees. Petitioner has provided supporting documentation for all claimed costs. Respondent offered no objection to the rates or amounts sought. I find the requested costs reasonable, and shall award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $135,949.26 (representing $117,693.37 in fees plus $18,255.89 in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[8]

---

[7] This amount is calculated as follows: $130,292.30 - $5,102.20 - $1,302.35 x 0.05 = $6,194.38.

[8] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master